(No. 00016—Claim )

NANCY E. WHEELER, as widow and beneficiary of FREDERICK LELAND WHEELER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1973.*

NANCY E. WHEELER, Claimant, by Thomas Carmody, her attorney.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney, for Respondent.

PER CURIAM.

This action is brought by NANCY E. WHEELER, as widow and designated beneficiary of FREDERICK LELAND WHEELER, deceased, pursuant to the "Law Enforcement

Officers and Firemen Compensation Act", [hereafter, "the Act"] *Ch. 48, Sec. 281, et. seq., Ill.Rev.Stat., 1971.*

Claimant filed an application for benefits, narrative report prepared by her attorney, and coroner's certificate of death. The Attorney General's office investigated the claim, pursuant to Section 4 of the Act, received investigative reports from the Illinois State Police, and Edwardsville Police Department, and recommended that the case be set for hearing. The court, sitting *en banc*, heard the case on May 8, 1973.

The relevant facts, briefly, are as follows: the decedent, was a corporal employed by the Illinois State Police. He began his duties with the Illinois State Police at 8:00 a.m. on November 15, 1971. His activities on said date included a search for a stolen vehicle in East St. Louis, Illinois, a trip to the place of a homicide in Washington Park, Illinois, a drive to Maryville, Illinois, District 11 Headquarters, and a trip to Edwardsville, Illinois. He arrived at Edwardsville, at approximately 6:25 p.m. It is here that his duties as a state policeman ended, according to the testimony elicited from Corporal Wheeler's supervisors. Thereafter, his activities were of a social, personal nature. At approximately 11:00 p.m., the application recites that his death occurred when his service pistol discharged, as it was being transferred, apparently from one hand to another in his car.

The dispositive issue for the Court's determination is whether Corporal Wheeler was on duty at the time of his death at 11:00 p.m.

The Court finds from the testimony and evidence presented that Corporal Wheeler was not on duty at the time of his death and therefore, denies the claim presented herein.